631 F.2d 324
 COMMONWEALTH OF VIRGINIA ex rel., Marshall COLEMAN, Attorney
General; Commonwealth of Virginia; Virginia
Department of Welfare, Appellees,
v.
Joseph A. CALIFANO, Jr., Secretary of Health, Education &
Welfare; Don I. Wortman, Acting Commissioner, Social
Security Administration; Barry Van Lare, Associate
Commissioner, Office of Family Assistance; James F. Mellody,
Principal Regional Official; Rose M. Lepore, Regional
Commissioner, Social Security Administration, Appellants.
 No. 79-1388.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 8, 1980.
Decided Oct. 2, 1980.
 
 Robert W. Jaspen, Asst. U. S. Atty., Richmond, Va. (Justin W. Williams, U. S. Atty., Richmond, Va., on brief), for appellants.
 Gregory M. Luce, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen., James E. Ryan, Jr., Deputy Atty. Gen., John A. Rupp, Asst. Atty. Gen., Richmond, Va., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and WIDENER and HALL, Circuit Judges.
 WIDENER, Circuit Judge:
 
 
 1
 The State of Virginia sought to amend its plan which implements its Aid to Families with Dependent Children (AFDC) program.[1] The Department of Health, Education, and Welfare (HEW) denied approval of the proposed amendment. The merits of this case concern what procedural safeguards a State is entitled to under applicable statutes and regulations when it seeks review of HEW's decision denying approval.
 
 
 2
 In 1976, Virginia submitted a plan amendment to HEW for approval. The amendment was not submitted as a new State plan. The Commissioner of the Social Security Administration disapproved the plan amendment and Virginia requested reconsideration of the disapproval. Initially, Virginia had understood that 45 C.F.R. § 201.14 provided the procedure for a request for reconsideration, but after reviewing the facts and regulations, Virginia requested a conformity hearing with respect to the disapproved plan amendment pursuant to 45 C.F.R. Part 213. In HEW's view, the more formal hearing procedures of Part 213 were not applicable, and the reconsideration was to be conducted pursuant to 45 C.F.R. § 201.14 which does not provide for an adjudicatory hearing.[2]
 
 
 3
 Beginning with the quarter ending September 30, 1977, HEW deferred payment of Virginia's claims for federal financial participation for the State's expenses incurred in implementing the disapproved plan amendment. Virginia maintains that HEW cannot withhold payments for expenses under the disapproved plan amendment prior to providing the State a full administrative adjudicatory hearing. Accordingly, in June 1978 Virginia filed suit seeking declaratory and injunctive relief.
 
 
 4
 While the case was pending in the district court, HEW voluntarily provided the formal reconsideration hearing which Virginia sought, and the Commissioner of the Social Security Administration approved Virginia's plan amendment on January 22, 1979. HEW argues that this mooted the case. At the hearing held on February 14, 1979, the district court found the case not moot. On March 27, the court entered summary judgment in favor of Virginia. We affirm.
 
 
 5
 * Federal courts have no jurisdiction to decide moot cases because of the case or controversy requirement of Article III of the Constitution. "Federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." DeFunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1974), quoting North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). On the other hand, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of the power to hear and determine the case." United States v. W. T. Grant Co., 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953).
 
 
 6
 Voluntary cessation of established illegal conduct makes a case moot only if it can be said with assurance that there is no reasonable expectation that the wrong will be repeated because otherwise the defendant is free to return to his old ways. This is sufficient to prevent mootness because of the public interest in having the legality of the practices settled. DeFunis, 416 U.S. at 318, 94 S.Ct. at 1706. The Supreme Court has applied the doctrine of voluntary cessation in a variety of settings, including a challenge to the validity of the Illinois Emergency Assistance to Needy Families with Children program under Title IV-A of the Social Security Act. Quern v. Mandley, 436 U.S. 725, 733 n. 7, 98 S.Ct. 2068, 2074, 56 L.Ed.2d 658 (1978); see also DeFunis, supra, p. 318, 94 S.Ct. p. 1706 (legality of law school admissions policy); Allee v. Medrano, 416 U.S. 802, 810-11, 94 S.Ct. 2191, 2198, 40 L.Ed.2d 566 (1974) (invalid enforcement of certain Texas criminal statutes); Gray v. Sanders, 372 U.S. 368, 376, 83 S.Ct. 801, 806, 9 L.Ed.2d 821 (1963) (legality of state statute regulating primary elections); Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 43, 65 S.Ct. 11, 14, 89 L.Ed. 29 (1944) (legality of certain employment contracts). Under these circumstances, a case is moot only if the defendant carries the "heavy burden" of demonstrating that there is no reasonable expectation that the wrong will be repeated. United States v. W. T. Grant Co., 345 U.S. at 633, 73 S.Ct. at 897; United States v. Phosphate Export Assn., 393 U.S. 199, 203, 89 S.Ct. 361, 364, 21 L.Ed.2d 344 (1968) (procurement for foreign aid programs).
 
 
 7
 HEW has not given any indication at all that the alleged wrong will not be repeated. Indeed, a strong showing has been made that the wrong will be repeated, and HEW maintains, even now, that it may deny the hearing sought by Virginia. The district court found as a fact that "Virginia not atypically submits to HEW two to four amendments to their state plan each year," other States generally submitting at least one plan amendment each year. So the likelihood of repetition of the question is present. At the trial below, HEW refused to concede that Virginia was entitled to a hearing as a matter of right, continued to assert the correctness of its position, and affirmed that it will continue to act as it did in this case. The court determined that HEW's assertion that it will not alter its behavior
 
 
 8
 renders the situation of some substantial immediacy. It clearly affects the ability of the state to amend its plans and proceed on a plan amendment. It could have and I feel sure would have a marked effect on a state's willingness to even try to amend its plan .... (It) is a brooding presence that affects the state, Commonwealth of Virginia in the administration of its plan and thus is not moot and cannot be rendered moot by a grudging cessation in this particular case.
 
 
 9
 The essential controversy is therefore very much alive, and we are of opinion the case is not moot.
 
 II
 
 10
 In addressing the merits, we recognize that the interpretation of a statute by an agency charged with its enforcement is a substantial factor to be considered in construing the statute. E. g., Miller v. Youakim, 440 U.S. 125, 99 S.Ct. 957, 962, 59 L.Ed.2d 194 (1979). And, an "agency's interpretation of its own regulation is of controlling weight unless it is plainly erroneous or inconsistent with the regulation." Talley v. Matthews, 550 F.2d 911 (4th Cir. 1977), citing Bowles v. Seminole Rock Co., 325 U.S. 410, 413-414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945).
 
 
 11
 The statute invoked here affords States the option of having a proposed amendment treated as the submission of a new State plan. 42 U.S.C. § 1316(b). If a State exercises this option and the agency disapproves the amendment, then the State is entitled to reconsideration at a hearing, 42 U.S.C. § 1316(a)(2), which is conducted pursuant to 45 C.F.R. Part 213.
 
 
 12
 The statute does not dictate the procedure to be followed upon reconsideration of a disapproved amendment where the State did not initially act to have the amendment treated as the submission of a new State plan. However, the Secretary of HEW has promulgated regulations which specifically provide for this eventuality. In part, 45 C.F.R. § 201.3(f) provides:
 
 
 13
 In absence of request by a State that an amendment of an approved State plan shall be considered as a submission of a new State plan, the procedures under § 201.6(a) and (b) shall be applicable.
 
 Section 201.6(a) provides for a hearing:
 
 14
 Further payments to a State are withheld in whole or in part if the Administrator, after notice and opportunity for hearing to the State agency administering or supervising the administration of an approved plan, finds:
 
 
 15
 (1) That the plan no longer complies with the provisions of . . . the Act .... (italics added).
 
 
 16
 Hearing procedure is provided for in § 201.6(d): "For hearing procedures, see Part 213 of this chapter." Part 213, of course, provides for the more formal hearing sought by Virginia.
 
 
 17
 Thus, the regulations promulgated by HEW provide in terms for the specific fact situation before us. When a State has submitted an amendment to a plan which amendment is disapproved, it is entitled to a hearing in accordance with Part 213 even in the "absence of request by a State" that the amendment be considered as "a submission of a new State plan." Action Transmittal SRS-AT-75-107-(AO), the interpretation of HEW, provides to the contrary that "when a State does not elect, at time of submission, to have a State plan amendment treated as a new State plan . . . a hearing following the procedures of 45 C.F.R. Part 213 is not available." It is plain that the agency's interpretation is in irreconcilable conflict and is "inconsistent with the regulation." Bowles, p. 414, 65 S.Ct. p. 1217; Talley, p. 919. It follows that the promulgated regulation of the agency must stand and the agency's interpretation must fall.
 
 
 18
 Accordingly, the judgment of the district court is
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Title IV of the Social Security Act, Part A, 42 U.S.C. § 601, et seq. If a State submits a plan which fulfills the requirements of the act, HEW must approve the plan. 42 U.S.C. § 602(b). The State is then to provide financial assistance for needy children and their families. 42 U.S.C. § 603. Virginia participates in the AFDC program under an approved State plan
 
 
 [2]
 HEW's position is based on Action Transmittal SRS-AT-75-107-(AO) dated October 17, 1975, which is in form a memorandum from HEW to State Administrators called an "interpretation" and stating HEW's view. Thus, the heart of this case is the validity of the Action Transmittal