The **STATE OF WEST VIRGINIA,** Petitioner,

v.

**SECRETARY OF EDUCATION, The United States Department of Education, Respondent.**

No. 80–1704.

United States Court of Appeals, Fourth Circuit.

Submitted April 8, 1981.

Decided Oct. 15, 1981.

---

Ann V. Dornblazer, Asst. Atty. Gen., Charleston, W. Va., on brief, for petitioner.

Kay Rigling Gill, and Stephen H. Freid, Gen. Counsel, U. S. Dept. of Education on brief, for respondent.

Before BRYAN, Senior Circuit Judge, and PHILLIPS and SPROUSE, Circuit Judges.

PER CURIAM:

The State of West Virginia petitions for review of an order of the Secretary of Education requiring it to refund $125,000 previously received under Title I of the Elementary and Secondary Education Act of 1965, as amended, 20 U.S.C. § 241a *et seq.* (The Act).[1] Since we find that the Secretary utilized permissible procedures and acted on a substantial factual basis, we affirm.

The Act is administered by the United States Department of Education through state and local educational agencies. In 1975, the Fayette County (West Virginia) Board of Education, the local agency involved, requested that the West Virginia State Board of Education, the state agency, approve an amended plan permitting the local agency to spend $125,000 of Title I funds to meet part of the building cost for a county school board administrative office complex. The $125,000 was allocated to that portion of the building complex to be occupied by Title I personnel. The state board approved the expenditure of funds and the building was constructed. Subsequently, the Health, Education and Welfare Audit Agency conducted an audit of the local agency's Title I program and in 1977 recommended, among other things, that the

1. The Act was amended by The Strengthening and Improvement of Elementary and Second- ary Schools Act of 1978, Pub.L. 95–561, and is codified at 20 U.S.C. § 2701 *et seq.*

local agency be required to refund the $125,000 to the United States as having been misspent. This recommendation was accepted by the United States Department of Education, and the West Virginia Department of Education appealed to the predecessor of the Education Appeal Board. After the appeal was transferred to it for disposition, the Education Appeal Board (the Board) conducted a pre-hearing conference and received briefs and related material. It concluded that the funds were not spent for "school facilities" and that the construction was not essential to the success of the Title I program, as required by the Act. The Secretary of Education adopted the findings and rulings of the Board.

West Virginia contends that the Board lacked statutory authority to order the refund, that it was denied an evidentiary hearing before the Board, and that the Board erroneously concluded that the funds were misspent in violation of the Act.

There is no merit to West Virginia's contention that the Board was without statutory authority to hear the appeal. It was established in 1978 pursuant to 20 U.S.C. § 1234, and interim final regulations were published in the Federal Register in May, 1979, 44 Fed.Reg. 30528–34 (1979), clearly stating that pending appeals were transferred to the Board from its predecessor and specifically listed the appeal *sub judice* as one of the appeals to be determined by the Board. 44 Fed.Reg. 43807 (1979). We perceive no infirmity in that procedure nor from the fact that Congress later attempted to disapprove the final regulations subsequently issued by the Board.

It is also clear that the Board has the authority to order the refund. Section 185(b) of the Act, 20 U.S.C. § 2835(b), grants the Secretary specific authority to require the repayment of funds determined to have been misspent. The Secretary ordered West Virginia to repay the funds in June, 1977; the hearing, although requested in 1977, was not held until 1979 and the decision was reached in 1980. Section 185(b) was enacted in 1978. There is no legislative indication that the authority to order repayment is to be effective only pro-

spectively, and the statute's remedial purposes will be more fully served by applying it retroactively. Even if this were not so, the Secretary can, independently of specific statutory authority, recover funds which are granted for specific purposes and misspent in contradiction of those purposes. *See Mt. Sinai Hospital of Greater Miami, Inc. v. Weinberger,* 517 F.2d 329, 337 (5th Cir. 1975) *cert. denied,* 425 U.S. 935, 96 S.Ct. 1665, 48 L.Ed.2d 176 (1976).

Likewise, there is no merit in West Virginia's contention that it was impermissibly denied an evidentiary hearing before the Board. The Board conducted a "pre-hearing" conference, and it was not clear from West Virginia's position there or subsequently that it desired an evidentiary hearing. On appeal, West Virginia advances several general reasons underlying its argument that the building's construction was essential to the purposes of the Act, but the basic facts are undisputed, and the record before the Board, consisting of briefs and exhibits, furnished it with a sufficient factual background on which to apply the Act's provisions.

West Virginia contends substantively that it was entitled to spend the $125,000 on the construction of an administrative office complex. The Board ruled to the contrary, finding that the building was not a "school facility" as defined by the Act. 20 U.S.C. § 244(13).

Section 141(a)(1) of the Act provided in pertinent part that Title I funds could only be used for:

the excess cost of programs and projects (including the acquisition of equipment, payments to teachers of amounts in excess of regular salary schedules as a bonus for service in schools eligible for assistance under this title, the training of teachers, and, where necessary, the construction of school facilities and plans made or to be made for such programs, projects, and facilities) (A) which are designed to meet the special educational needs of educationally deprived children in school attendance areas having high concentrations of children from low-income families...

20 U.S.C. § 241e(a)(1). Section 403(13) of the Act provided that:

The term school facilities means classrooms and related facilities (including initial equipment) for free public education and interests in land (including site, grading and improvements) on which such facilities are constructed, except such term does not include those gymnasiums and similar facilities intended primarily for exhibitions for which admission is to be charged to the general public.

20 U.S.C. § 244(13).

██ The same definition of school facilities was contained in section 116.1(w) of the Act's regulations then in effect. 45 C.F.R. § 116.1(w) (1974). The Secretary interprets the phrase "classrooms and related facilities" to mean space utilized to supplement services and activities for children, that it does not include administrative offices, and contends that even classroom facilities were not allowed to be constructed with Title I funds "unless such construction is demonstrated as being essential in order to assure the success of a program or project under Title I of the Act," citing 45 C.F.R. § 116.17(i) (1974). West Virginia, on the other hand, urges that the administrative office space was a "related facility" essential for Fayette County's Title I project. The resolution of these contentions involves a narrow interpretation of the applicable statutes and regulations. Neither legislative history nor other decisions of the Secretary provide any clues as to what that interpretation should be. In such circumstances courts, of course, give deference to an agency's interpretation of a statute governing it and its own regulations. *See United States v. Larionoff,* 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977); *Commonwealth of Virginia ex rel. Coleman v. Califano,* 631 F.2d 324, 327 (4th Cir. 1980). Seeing no reason why that principle should not be followed in this instance, and concluding that the Secretary had a substantial factual basis for finding that the local agency misspent the involved funds for construction of the administrative office complex, the order of the Secretary is affirmed.

AFFIRMED.