**David C. SHARP, Plaintiff,**

v.

**COSTCO WHOLESALE CORP., Defendant.**

Civil Action No. 07–cv–02271–AW.

United States District Court,
D. Maryland,
Southern Division.

Aug. 18, 2008.

Joel R. Zuckerman, Maxwell and Barke LLC, Rockville, MD, for Plaintiff.

David Samuel Panzer, Greenberg Traurig LLP, Washington, DC, Charles A. Valente, Krasnow Saunders Cornblath LLP, Chicago, IL, for Defendant.

### *MEMORANDUM OPINION*

ALEXANDER WILLIAMS, JR., District Judge.

Plaintiff David C. Sharp brings this action for equitable relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, against Defendant Costco Wholesale Corporation ("Costco" or "Defendant") concerning Costco's Gaithersburg, Maryland warehouse. Currently pending before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 24). The Court has reviewed the entire record, as well as the Pleadings and Exhibits, with respect to the instant motion and finds that no hearing is deemed necessary. *See* Local Rule 105.6 (D.Md.2008). For the reasons stated below, the Court will GRANT Defendant's Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

In late July 2007, Costco received a demand letter from Plaintiff's counsel concerning its Gaithersburg warehouse. In the letter, Plaintiff claimed mat there were architectural barriers at the Gaithersburg warehouse. Specifically, Plaintiff stated: "(1) some of the accessible parking spaces are located in an area of the parking lot where the ground slope exceeds 2%; (2) some of the accessible parking spaces lack adjacent access aisles or are adjacent to 'access' aisles that are narrowed by the presence of parking bollards or shopping carts; and (3) there is an insufficient number of van accessible parking spaces."

(Kaplan Decl. ¶ 5). Defendant's attorney, Fred Kaplan, contacted Plaintiff's counsel with a comprehensive settlement proposal on August 25, 2007. Plaintiff never responded either in writing or verbally to Costco's offer. On August 28, 2007, Plaintiff filed this action. In his complaint, Plaintiff alleges four architectural barriers:

1. "Accessible" parking spaces located in an area of the parking lot where the ground slope exceeds 2%.

2. "Accessible" parking spaces that lack adjacent access aisles or access aisles that are obstructed by shopping cart corrals.

3. An insufficient number of accessible parking spaces.

4. An insufficient number of van accessible parking spaces.

Compl. ¶ 8.

Costco states that it went forward with improvements to the parking structure at the Gaithersburg warehouse and that it completed the remedial work necessary to address each of the conditions raised by Plaintiff. Specifically, Costco notes that contractors relocated accessible parking spaces, relocated shopping cart corrals, reconfigured and restriped Costco's parking lot, and installed necessary signage at the Gaithersburg warehouse. Costco's expert, John Salmen, testified that after completion of the work, there are now nineteen parking spaces, and five van accessible parking spaces, with appropriate access aisles which are unobstructed by shopping cart corrals. (Salmen Decl., ¶¶ 18–19). Additionally, Defendant states that the slopes in the parking lot still exceed the new construction standard of 2%; however, due to the "topography of the site," Defendant provided expert testimony to demonstrate that it is not achievable to provide accessible parking that is both on the shortest accessible route to the building entrance and sloped less than 2%. (Salmen Decl.,

¶ 22). Plaintiff has not produced rebuttal testimony as to this point.

## STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R.Civ.P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. See Evans v. B.F. Perkins Co., 166 F.3d 642, 647(4th Cir.1999). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991); see also Evans, 166 F.3d at 647. The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, 945 F.2d at 768.

Regarding mootness, Article III of the Constitution limits the jurisdiction of the federal courts to those matters which present an actual case or controversy. Virginia ex rel. Coleman v. Califano, 631 F.2d 324, 326 (4th Cir.1980). Where subsequent events have made the dispute moot before a federal court, there is no justiciable controversy and the matter must be dismissed. Where mootness comes from the defendant's voluntary actions, federal courts must determine that (1) there is no reasonable expectation that the defendant will return to his prior conduct; and (2) the defendant's actions have eradicated the effects of the alleged violation. County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979).

## DISCUSSION

In his Complaint, Plaintiff alleges that there were architectural barriers at the Gaithersburg warehouse "which include

but are not limited to" four specific barriers. These specific barriers are: (1) "Accessible" parking spaces located in an area of the parking lot where the ground slope exceeds 2%; (2) "Accessible" parking spaces that lack adjacent access aisles or access aisles that are obstructed by shopping cart corrals; (3) an insufficient number of accessible parking spaces; and (4) an insufficient number of van accessible parking spaces. Compl. ¶ 8.

Defendant argues that it has remedied the matters set forth in Plaintiff's Complaint, thus rendering this action moot because the Court cannot fashion a remedy for a problem that does not exist anymore. Plaintiff, however, states that at least one of the architectural barriers in controversy between the parties still exists. He claims there is no accessible route of travel for disabled patrons from the sidewalk adjacent to a nearby bus stop to a store entrance.[1] While Plaintiff did not include this specific barrier in his Complaint, he now maintains that it is sufficient for him to allege generally the existence of architectural barriers at a premises, without setting out an exhaustive list of those barriers in the Complaint. In his affidavit, Plaintiff notes that he did not mention this architectural barrier in his Complaint because "it slipped [his] mind" when he discussed this case with his attorneys. (Sharp Aff. ¶ 5).

Federal Rule of Civil Procedure 8(a)(2) requires that the allegation in the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R.Civ.P. 8(a)(2). Because Plaintiff failed to allege the specific barrier in his Complaint and failed to amend his Complaint to allege such barriers, Defendant contends that it did not have fair and adequate notice of Plaintiff's "route of travel" barrier claim. Plaintiff, however, argues that such notice was provided, as the "bus stop route" accessibility issue was discussed at Plaintiff's deposition, which was conducted on January 28, 2008, more than two months before Defendant filed this instant motion. Plaintiff also relies on the fact that his Complaint included the words "which include but are not limited to." He argues that this general allegation of the existence of architectural barriers is sufficient to meet Rule 8(a)(2)'s burden of notice pleading and, thus, the new allegation regarding the bus stop route issue can be included, even though this alleged barrier was not included among the list of the four specifically alleged barriers.

Defendant relies on the Ninth Circuit opinion of *Pickern v. Pier 1 Imports (U.S.), Inc.*, noting that the court rejected a similar argument. 457 F.3d 963 (9th Cir.2006). In *Pickern*, a visually and mobility-impaired plaintiff brought a claim under the ADA against a retailer and its landlord. *Id.* Similar to this case, the Complaint in *Pickern* alleged that the retailer and landlord failed to remove architectural barriers that "may include, but is not limited to" specific barriers. *Id.* at 968–69. Initially, during settlement negotiations, the plaintiff provided a

---

1. Plaintiff cites the ADA Accessability Guidelines, 28 C.F.R. Part 36, App. A, § 4.1.2(1), which provides:

    1) At least one accessible route complying with 4.3 shall be provided within the boundary of the site from public transportation stops ... and public streets or sidewalks ... to an accessible building entrance.

    In addition, § 4.3.2(1) provides, in pertinent part:

    1) At least one accessible route within the boundary of the site shall be provided from public transportation stops ... and public streets or sidewalks to the accessible building entrance they serve. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public.

preliminary site report to the retailer and landlord which detailed various specific barriers. Later, after discovery closed, the plaintiff filed an expert report detailing specific barriers. *Id.* at 969. Because the plaintiff had failed to timely amend the complaint to include the specific allegations, the court held that the preliminary site report provided to the retailer and landlord did not give them adequate notice of the new allegations. *Id.*

Plaintiff, on the other hand, relies on *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034 (9th Cir.2008), arguing that he has standing to bring a claim on his alleged "route of travel" barrier even though it was not mentioned in his Complaint. In *Doran*, the district court said the plaintiff did not have standing to assert an ADA claim based on barriers that he had not encountered. *Id.* at 1048–49. The Ninth Circuit reversed and remanded, holding that the plaintiff had standing to raise such issues. The Court does not find *Doran* to be applicable to this action because the doctrine of standing is not at issue here. *Id.* at 1049. Instead, the crux of this matter is whether Defendant was given fair and adequate notice with respect to the alleged "route of travel" barrier claim.

Defendant argues that allowing Plaintiff to raise this alleged architectural barrier at this time would be prejudicial to Defendant because Defendant and its expert never had the opportunity to investigate, discover facts, or prepare a defense concerning this purported barrier and whether its removal is readily achievable. Although Plaintiff mentioned the barrier during his deposition, Defendant maintains that it did not seek leave to supplement its expert's disclosures because Plaintiff made no attempt to amend his Complaint to add allegations of such barrier.[2]

The Court believes that allowing this claim to proceed would unfairly prejudice Defendant, as it has not had the opportunity to investigate the barrier and determine whether it can remove it as it did with the other barriers Plaintiff has alleged. In his Complaint, Plaintiff alleged four specific architectural barriers. Even if the "route of travel" barrier slipped Plaintiffs mind prior to filing the Complaint, as Plaintiff states in his affidavit, Plaintiff could have very well filed a timely motion to amend his complaint to allege the specific barrier once he remembered that there could have been another possible barrier on Defendant's premises. The Court finds that Plaintiff has fallen short of the notice pleading requirement under Rule 8(a)(2), and that Defendant did not have adequate notice regarding the "route to travel" barrier. In addition, with respect to the four specific barriers alleged, it appears to the Court that these barriers have been remedied and that Defendant has eradicated the effect of the alleged violation under the ADA, thereby rendering this action moot. Therefore, the Court will grant Defendant's Motion to Dismiss.

## CONCLUSION

For the reasons stated above, the Court will GRANT Defendant's Motion to Dismiss. An Order consistent with this Memorandum Opinion will follow.

---

**2.** Pursuant to the Court's Scheduling Order of January 28, 2008, Costco's expert disclosures were due on February 7, 2008, just ten days after Plaintiffs deposition.