**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4305**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HUGH DOUGLAS WILKERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:16-cr-00438-WO-1)

Submitted:  September 15, 2020                    Decided:  November 5, 2020

Before KING and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Leza L. Driscoll, LAW OFFICE OF LEZA LEE DRISCOLL, PLLC, Raleigh, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Michael F. Joseph, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hugh Douglas Wilkerson appeals his conviction and the 21-month sentence imposed after he entered a conditional guilty plea to possession of body armor by a violent felon, in violation of 18 U.S.C. § 931(a). Wilkerson first asserts that his body armor conviction must be vacated because neither his prior conviction for felony interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951 ("robbery conviction"), nor his prior conviction for felony brandishing a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c) ("brandishing conviction"), is a proper predicate to support the § 931 conviction. Wilkerson also asserts that his sentence should be vacated because the district court erroneously calculated his criminal history score. We previously placed this appeal in abeyance for *United States v. Ali*, No. 15-4433, which was expected to decide whether Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c). In light of *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that Hobbs Act robbery constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A)), and finding no reversible error by the district court, we affirm.[*]

---

[*] As Wilkerson is no longer incarcerated and he has completed his supervised release term, Wilkerson's challenge to his sentence is now moot. *See Com. of Va. ex rel. Coleman v. Califano*, 631 F.2d 324, 326 (4th Cir. 1980) (recognizing that a federal court lacks subject matter jurisdiction to decide a case that is moot due to Article III's "case or controversy" requirement). Because collateral consequences of Wilkerson's conviction remain, however, the "controversy" pertaining to the conviction remains. *See Spencer v. Kemna*, 523 U.S. 1, 9-10 (1998).

The district court denied Wilkerson's motion to dismiss his indictment challenging the § 931 predicate status of his prior convictions after *Johnson v. United States*, 576 U.S. 591, 597 (2015) (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(b), is unconstitutionally vague). We thus review the district court's factual findings on the motion to dismiss for clear error and its legal conclusions de novo. *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014); *see Mathis*, 932 F.3d at 263 (recognizing that this court "review[s] de novo the question whether an offense qualifies as a crime of violence").

To establish a violation of § 931(a), the Government was required to prove that Wilkerson purchased, owned, or possessed body armor after sustaining a felony conviction for a "crime of violence" as defined in 18 U.S.C. § 16. *See* 18 U.S.C. § 931(a). Under § 16, the phrase "crime of violence" refers to any offense "that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16.

The "crime of violence" definition in § 16 is nearly identical to the "crime of violence" definition set forth in 18 U.S.C. § 924(c)(3)(A), and we recently determined that a substantive Hobbs Act robbery offense is categorically a crime of violence under the latter provision. *Mathis*, 932 F.3d at 265-66. Wilkerson nonetheless insists that his prior robbery conviction was only for aiding and abetting a Hobbs Act robbery, which he argues is no longer a "crime of violence" after *Johnson*. But a review of Wilkerson's presentence

3

report indicates that his robbery conviction was for felony interference with commerce by robbery *and* aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951.

Regardless, all federal circuit courts that have addressed the issue have held that aiding and abetting Hobbs Act robbery remains a "crime of violence" after *Johnson. See United States v. Richardson*, 948 F.3d 733, 741-42 (6th Cir. 2020) (collecting cases from the First, Third, Tenth, and Eleventh Circuits), *cert. denied*, __ S. Ct. __, 2020 WL 5883230 (Oct. 5, 2020) (No. 19-8878); *see also United States v. Grissom*, 760 F. App'x 448, 454 (7th Cir. 2019) (No. 17-2940) (finding that aiding and abetting Hobbs Act robbery is a "crime of violence" because "aiding and abetting is an alternative theory of liability for an offense, so one who aided and abetted robbery still committed that crime of violence").

Moreover, this court has expressly recognized that, "in the federal system, culpability for an offense as an aider and abettor is treated no differently from treatment as a principal." *United States v. Kimble*, 855 F.3d 604, 613 (4th Cir. 2017). That is because "[a]iding and abetting is not an independent crime" and, instead, "merely obviates the need for awkward phrasing and strained readings of statutes by making clear that in all crimes an accessory will be punished as a principal." *United States v. Rashwan*, 328 F.3d 160, 165 (4th Cir. 2003) (internal quotation marks omitted). In other words, "aiding and abetting is implicit in all indictments." *Id.* (internal quotation marks omitted). As it is now undisputed that Hobbs Act robbery is categorically a "crime of violence" under § 924(c), *see Mathis*, 932 F.3d at 265-66, aiding and abetting Hobbs Act robbery must also be a "crime of violence" under the nearly identical language contained in § 16. Because

4

the district court did not err when it denied Wilkerson's motion to dismiss the indictment, we affirm Wilkerson's § 931 conviction.

Discerning no reversible error by the district court, we thus affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*